UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAYAH SULLIVAN,<br>　　　　　　Petitioner,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　Respondent. | Case No. 18-cv-03245-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 16 |

## I. INTRODUCTION

Talayah Sullivan, an inmate at the Federal Correctional Institution in Dublin, California (FCI-Dublin), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge her 1998 conviction and sentence from a federal court in Texas. Respondent has filed an unopposed motion to dismiss the action for lack of jurisdiction. For the reasons discussed below, the motion will be granted and the action will be dismissed.

## II. BACKGROUND

In 1998, in a criminal case filed in the United States District Court for the Western District of Texas, Ms. Sullivan pled guilty to, and was convicted of, conspiracy to commit bank robbery (18 U.S.C. § 371) and bank robbery (18 U.S.C. § 2113(a)&(d)). Docket No. 16-4 at 2. She was sentenced to a total of 86 months in custody and five years of supervised release. *Id.* at 3-4. She did not appeal her conviction.

Ms. Sullivan was released from custody in March 2004 and thereafter violated the terms of her supervised release by, among other things, committing an aggravated robbery. *See* Docket No. 16-5. She was sentenced in state court to 15 years in prison for the new robbery. She also was sentenced in a federal court on April 14, 2006, to an additional 40 months of custody for violating

the terms of her federal supervised release, to be served consecutively to any state-court sentence. *Id.* Ms. Sullivan currently is incarcerated at FCI-Dublin, serving the 40-month term for violating the terms of her federal supervised release.

In 2017, Ms. Sullivan filed a motion under 28 U.S.C. § 2255 to vacate her sentence. This § 2255 motion was filed in the Western District of Texas (i.e., the sentencing court) and urged that she thought the 40-month sentence for violating the terms of her federal supervised release should run concurrent with the 15-year prison term she had received from the state court. *See United States v. Sullivan*, W.D. Tex. Case No. 97-CR-263-OLG, Docket No. 336. That § 2255 motion was denied as untimely and because it "fail[ed] to present a constitutional, jurisdictional, or other issue cognizable as a § 2255 claim." *See id.*, Docket No. 337 at 2.

In her petition for writ of habeas corpus under 28 U.S.C. § 2241 filed in this Court, Ms. Sullivan makes a single claim: "the 'residual clause' of 18 U.S.C. 16(b) is unconstitutionally vague and violates the Due Process Clause." Docket No. 2 at 2 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)). She urges that she "is actually, factually innocent of the underlying crime of conviction because of a change in the law" worked by *Johnson* and *Dimaya*. *Id.* at 3.

### III. DISCUSSION

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Only the sentencing court has jurisdiction to hear the § 2255 motion. *See id.* at 1163. A prisoner generally may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion).

There is an exception to the general bar against using § 2241 to collaterally attack a federal conviction or sentence: a prisoner authorized to seek relief under § 2255 may seek relief under

2

§ 2241 if she can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of [her] detention." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). This is referred to as the "escape hatch" of § 2255. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). It is a "narrow exception." *Pirro*, 104 F.3d at 299. For example, the remedy under § 2255 generally will not be considered "inadequate or ineffective" due to a delay in considering a motion under § 2255 until after the direct appeal is resolved, *see Pirro*, 104 F.3d at 299; due to the mere fact that a previous § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; or due to the dismissal of an earlier § 2255 motion as successive, *see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

One area where the Ninth Circuit has found that § 2255 might be considered an "inadequate or ineffective remedy," and a § 2241 petition therefore might be brought to collaterally challenge a federal conviction and sentence, concerns claims of actual innocence. The court may entertain a § 2241 petition challenging a federal conviction or sentence "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). In this context, an actual innocence claim requires "'factual innocence, not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, [the court asks] whether petitioner's claim 'did not become available' until after a federal court decision." *Harrison*, 519 F.3d at 960. That is, the court considers whether the legal basis for the claim did not arise until after she had exhausted her direct appeal and filed her first § 2255 motion, as well as "whether the law changed 'in any way relevant'" to the petitioner's claim after she filed her first § 2255 motion. *Id.*

When a § 2241 petition does not fit through the escape hatch of § 2255, the court does not have jurisdiction to entertain it. *Harrison*, 519 F.3d at 961. Instead, the petition must be characterized as a disguised § 2255 motion. *Id.* If an earlier § 2255 motion has been denied, the petitioner cannot proceed with a second or successive § 2255 motion without an order from the United States Court of Appeals authorizing the second or successive § 2255 motion. *Id.* at 962.

3

Ms. Sullivan argues that she fits through § 2255's escape hatch and thus may bring a § 2241 petition because she is "[i]nnocent of the crime of conviction and [has] not had an unobstructed shot at presenting it." Docket No. 1 at 6. She reasons that she is actually innocent "because of a change in the law" established by *Johnson* and *Dimaya.* Docket No. 2 at 3. The problem for Ms. Sullivan is that neither of her federal convictions – conspiracy to commit bank robbery and bank robbery -- rests on a statute that has the vagueness infirmities identified in those two cases. To understand why *Johnson* and *Dimaya* have no relevance to Ms. Sullivan's case, it is necessary to explain the facts and holdings of those two cases.

In *Johnson v. United States*, 135 S. Ct. 2551, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violated due process because of the provision's vagueness. ACCA increased a defendant's prison term to a minimum of 15 years if he had three or more earlier convictions for a "violent felony." *Johnson*, 135 S. Ct. at 2555. A "violent felony" is defined in ACCA as "any crime punishable by imprisonment for a term exceeding one year . . . that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the statute is referred to as ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2556. The Supreme Court determined that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime" because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, the residual clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." *Id.* at 2558. As a result of these features, the residual clause "both denies fair notice to defendants and invites arbitrary enforcement by judges" and thus violates due process of law. *Id.* at 2557.

Three years later, the Supreme Court used the same reasoning to hold that a similarly

4

worded residual clause also violated due process because of its vagueness. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Court considered a statute that was cross-referenced in a deportation statute. The Immigration and Nationality Act (INA) makes deportable any alien convicted of an "aggravated felony" after entering the United States. *Id.* at 1210-11. The term "aggravated felony" is defined with a list of numerous offenses and types of offenses, including "a crime of violence (as defined in section 16 of title 18 . . .) for which the term of imprisonment [was] at least one year." 8 U.S.C. § 1101(a)(43). A "crime of violence" is defined in 18 U.S.C. § 16 as follows: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) *any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" The italicized portion is the residual clause of § 16. *Dimaya*, 138 S. Ct. at 1211. Under existing case law, the residual clause inquiry "turns on the 'nature of the offense' generally speaking" and "requires a court to ask whether 'the ordinary case' of an offense poses the requisite risk." *Dimaya*, 138 S. Ct. at 1211. The Supreme Court determined that *Johnson* had a "straightforward application" to the facts in *Dimaya*, and the same two features that caused the unconstitutional vagueness problem in *Johnson* also were present in § 16(b), i.e., § 16(b) required a court to assess the risk based on a hypothetical ordinary case and left unclear what threshold level of risk made any given crime a violent felony. *Dimaya*, 138 S. Ct. at 1213-14.

*Johnson* and *Dimaya* thus stand for the proposition that a sentencing statute will be unconstitutionally vague when it "'requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk" to warrant the increased punishment. *Dimaya*, 138 S. Ct. at 1216 (quoting *Johnson*, 135 S. Ct. at 2556-57).

That proposition has no applicability to Ms. Sullivan's case. She was convicted of

conspiracy to commit bank robbery[1] and bank robbery. [2] Neither the conspiracy statute nor the bank robbery statute contains or cross-references the residual clause in ACCA that the Supreme Court declared unconstitutional in *Johnson* or the residual clause in 18 U.S.C. § 16 that the

---

[1] The conspiracy statute provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 U.S.C.A. § 371 (West).

[2] The bank robbery statute provides, in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> . . . .
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113. (The statute was amended in 2002, but the amendments did not affect either subsection (a) or (d), the subsections that applied to Ms. Sullivan.)

6

Supreme Court declared unconstitutional in *Dimaya*. Moreover, neither the conspiracy statute nor the bank robbery statute has any provision that requires the judge to make a decision of the sort *Johnson* and *Dimaya* found impermissible. The conspiracy statute has no phrase coming anywhere close to the residual clauses discussed in *Johnson* and *Dimaya*.

The bank robbery statute only has one phrase that might possibly be the basis for Ms. Sullivan's argument: there is a higher penalty for "[w]hoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or *puts in jeopardy the life of any person by the use of a dangerous weapon or device*." 8 U.S.C. § 2113(d) (emphasis added). The phrase "puts in jeopardy the life of any person by the use of a dangerous weapon" might be argued by Ms. Sullivan to be unconstitutionally vague. But the bank robbery statute does not require that determination to be made on the hypothetical ordinary case of bank robbery and instead requires that the determination be made based on the real-world facts of a defendant's actual case. That makes Ms. Sullivan's situation distinguishable from the situations in *Johnson* and *Dimaya*. Indeed, the Supreme Court made that very point when it stressed that not all statutes with imprecise terms violate due process:

> Many perfectly constitutional statutes use imprecise terms like "serious potential risk" (as in ACCA's residual clause) or "substantial risk" (as in § 16's). The problem came from layering such a standard on top of the requisite "ordinary case" inquiry. As the Court explained [in *Johnson*]:
>
> "[W]e do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree[.] The residual clause, however, requires application of the 'serious potential risk' standard to an idealized ordinary case of the crime. Because the elements necessary to determine the imaginary ideal are uncertain[,] this abstract inquiry offers significantly less predictability than one that deals with the actual . . . facts."

*Dimaya*, 138 S. Ct. at 1214 (quoting *Johnson*, 135 S. Ct. at 2561) (alterations and omissions in original). In short, the fact that the sentencing court had the ability to impose a higher penalty because Ms. Sullivan's particular acts in the commission of the bank robbery "put[] in jeopardy the life of any person by the use of a dangerous weapon" does not show the bank robbery statute to have been unconstitutionally vague under *Johnson* and *Dimaya.*

7

Returning now to the question of whether this Court has jurisdiction to entertain the § 2241 petition, the Court concludes that it does not have jurisdiction. As mentioned earlier in this order, a petitioner can show that § 2255 is an inadequate or ineffective remedy -- and that she therefore fits through the escape hatch of § 2255 and may bring a § 2241 petition for writ of habeas corpus -- when she shows two things. First, she must make "a claim of actual innocence," which requires "factual innocence." *Marrero*, 682 F.3d at 1193. Ms. Sullivan does not show that she is actually innocent of the crimes of conspiracy to commit bank robbery and bank robbery. As explained above, her convictions simply were unaffected by *Johnson* and *Dimaya*; those cases do not show her to be factually innocent. Second, to be able to bring a § 2241 petition to challenge a conviction and sentence, the petitioner must show she "has not had an unobstructed procedural shot at presenting that claim," which requires the court to consider whether there has been a change in the law that now gives rise to a claim that previously did not exist. *Harrison,* 519 F.3d at 959-60. Because Ms. Sullivan's conviction was unaffected by *Johnson* and *Dimaya*, it cannot be said that she did not have an unobstructed procedural shot at presenting her claim before those two cases were decided. Those cases did not clear the way for her to file her claim. Ms. Sullivan does not show that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention, and thus does not show that this court has jurisdiction to entertain her § 2241 habeas petition. Ms. Sullivan's petition under § 2241 must be dismissed because it does not fit within the very narrow exception for situations where the remedy available under § 2255 is inadequate to test the legality of her detention.

Ms. Sullivan's petition thus must be characterized as a disguised § 2255 motion. *See Harrison*, 519 F.3d at 961-62. Because Ms. Sullivan's earlier § 2255 motion was denied, she must obtain an order from the United States Court of Appeals for the *Fifth* Circuit authorizing her to file a successive petition. *Id.* at 962 (citing 28 U.S.C. § 2244(b)(3)(A)). The Western District of Texas is the proper venue in which to file such a successive § 2255 motion, if Ms. Sullivan ever obtains permission from the Fifth Circuit to do so.

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 16. The petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 19, 2019

_____
EDWARD M. CHEN
United States District Judge